should be held in attachment, and we agree. This result is reached despite the present absence of a pleading against respondent wife, which we deem not essential at this juncture. (See CPLR 6211, 6223; *Raimondi v Fedeli*, 30 AD2d 802; *McDonnell & Co. v Sarlie*, 21 AD2d 767.) Further, the examination of respondent wife should be permitted to proceed in aid of the attachment (CPLR 6220). Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.

■ NEW YORK INSTITUTE OF TECHNOLOGY, Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, pursuant to remittitur from the Court of Appeals, dated July 8, 1976. (40 NY2d 316.) *Per Curiam.* By remittitur dated July 8, 1976, the Court of Appeals reversed an order of this court made and entered May 22, 1975, which confirmed a determination of the State Human Rights Appeal Board, dated September 27, 1974. Such determination affirmed a determination made by the State Division of Human Rights (Division) charging petitioner New York Institute of Technology with discrimination in employment because of sex. The order of this court also granted a cross motion of the Division for an order of enforcement which granted tenure to the complainant Laura Canuto. Upon remittitur, the determination of the State Human Rights Appeal Board, dated September 27, 1974, is unanimously modified, on the law, to the extent of reversing the determination granting tenure to the petitioner and the matter of tenure is remanded to the State Division of Human Rights for reconsideration in accordance with the opinion of the Court of Appeals, and otherwise confirmed, without costs and without disbursements. Stevens, P. J., Markewich, Lupiano and Capozzoli, JJ., concur. Upon remittitur, the determination of the State Human Rights Appeal Board, dated September 27, 1974, unanimously modified, on the law, to the extent of reversing the determination granting tenure to the petitioner and the matter of tenure is remanded to the State Division of Human Rights for reconsideration in accordance with the opinion of the Court of Appeals, and otherwise confirmed, without costs and without disbursements.

## (September 30, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v UMBERTO CULLARO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on February 3, 1976, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, J. P., Lupiano, Silverman, Nunez and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT CULLARO, Appellant.—Judgment, Supreme Court, Bronx County, rendered on February 3, 1976, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, J. P., Lupiano, Silverman, Nunez and Lynch, JJ.

■ JACK ZUKOR, INC., Appellant, v UNDERWRITERS AT LONDON, Also Known as LLOYDS OF LONDON, Respondent.—Order, Supreme Court, New York County, entered on April 15, 1976, unanimously affirmed for the reasons stated by Gellinoff, J., at Special Term, without costs and without